MORRIS *et al.* v. GEORGIA RAILROAD & BANKING COMPANY.

*Simmons, C. J.*—There was evidence upon the question of the defendant's negligence from which the jury might have found it was at fault; and though the evidence suggests negligence upon the part of the person injured, inasmuch as it does not require a finding that, if negligent at all, his negligence amounted to the absence of ordinary care, the judge should have submitted the case to a jury instead of granting a nonsuit.

*Lumpkin, J.*, dissenting.        *Judgment reversed.*

August 12, 1895.

Action for damages. Before Judge Westmoreland. City court of Atlanta. September term, 1894.

Suits were brought against the railroad company by Thomas J. Morris for personal injuries sustained by him, and by his father for the loss of his services. The cases were tried together, and a nonsuit was granted. The evidence showed, in brief, the following: Thomas J. Morris was eighteen years of age at the time he was injured. He resided in Atlanta, and was attending school at Decatur. He held a monthly school-ticket issued by the railroad company, on which he daily rode to and from Edgewood station to Decatur. At the time of the injury he had been going to school in this manner for three months or more. He was struck while on the main track at Edgewood, between twenty and thirty steps from the station, by the engine of the train which he was about to take. His home was on the left side of the railroad track going east, and the station at Edgewood was on the right side of the track. The time was about eight o'clock in the morning in January, and the ground was muddy and partly covered with ice. Plaintiff and other pupils of the school were in the habit of going

upon the right of way of the railroad at some distance from the station, and walking on the right of way or tracks until they reached the station. On the morning in question plaintiff had walked on the right of way between the tracks, but not on them, for four or five hundred yards. He stepped upon the track forty or fifty feet from the place where he was struck, in order to avoid the mud. The testimony, as far as it goes, indicates that no bell was rung nor other signal given of the approach of the train. Witnesses who saw the train approaching estimated the speed at twenty or twenty-five miles an hour. Parallel to the tracks of defendant's railroad at this place are two tracks of the Seaboard Air-Line railway, and on the morning in question a train of this road was running towards Atlanta, and seems to have passed Edgewood station just before plaintiff was struck. It was claimed that plaintiff's attention was attracted by this train; that he was approaching the station in the customary and proper manner and had all the rights of a passenger; that persons were allowed by defendant to be on the track at this point for the purpose of approaching the station; that it was its duty to run its cars with great care and caution. In the course of the testimony of Thomas Morris he testified, that among other school boys and girls that went down in the morning was a Miss Johnson who came up the path steps upon the embankment leading to the railroad track on the right side going to Decatur, about eighty feet from the station, and after she got to the steps she walked on the track to the station. This testimony was ruled out on defendant's objection, and plaintiff assigned this ruling and the grant of the nonsuit as error.

*Glenn, Slaton & Phillips* and *J. W. Cox*, for plaintiff.

*J. B. Cumming* and *Hillyer, Alexander & Lambdin*, for defendant.